UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN ASMODEO,                                :
              Petitioner,         :     **MEMORANDUM OPINION**
                                             :     **AND ORDER**
v.                                           :
                                             :     20 CV 8330 (VB)
UNITED STATES OF AMERICA,                    :     S2 15 CR 327 (VB)
              Respondent.         :
--------------------------------------------------------------x

Briccetti, J.:

    Petitioner John Asmodeo, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Asmodeo asserts his attorney was constitutionally ineffective for (1) failing to call certain witnesses at a suppression hearing, (2) failing to challenge the interstate commerce element of the sexual exploitation of a minor charge, and (3) failing to raise the issue of alleged witness tampering by the government.[1]

    For the following reasons, the motion is DENIED and the petition is DISMISSED.

## BACKGROUND

    The relevant facts are as follows: On April 23, 2014, federal and state law enforcement agents searched Asmodeo's home in Carmel, New York, pursuant to a search warrant issued by a local court judge. A forensic review of multiple computers seized in the search revealed, among other things, numerous images and videos containing child pornography, as well as multiple videos, surreptitiously recorded by Asmodeo, of a young girl in a bathroom changing from her clothes into a bathing suit (the "bathroom videos"). After being first prosecuted in state court,

---

[1] Petitioner initially also claimed his attorney misadvised him concerning the maximum sentence he would face if he accepted a "verbal plea deal" offered by the government. However, in his memorandum in reply to the government's opposition, petitioner withdrew that claim. (Reply mem. at 10).

Asmodeo was charged in this Court with attempted sexual exploitation of a child and receipt and distribution of child pornography.

Represented by retained counsel, Troy A. Smith, Esq., Asmodeo moved to suppress the evidence from the search as well as his post-arrest statements. The government initially opposed the motion, but on the eve of a scheduled suppression hearing, announced it had decided not to defend the search. Simultaneously, the government obtained a superseding indictment (the "S1 indictment") charging two new offenses—sexual exploitation of a minor in 2002 and possession of child pornography in 2005. Those charges related to Asmodeo's sexual abuse of a 12-year-old girl ("Victim-1") (a different girl from the one in the bathroom videos) and his use of a camera to record his engaging in sexual intercourse with Victim-1.[2] The video files of Asmodeo engaging in sexual intercourse with Victim-1 were contained in a folder on a compact disc (the "CD") that the agents received in 2016 from Asmodeo's former girlfriend.

Asmodeo then moved to suppress the CD, contending it was "fruit of the poisonous tree," that is, the evidence seized from his home. After a two-day suppression hearing, the Court denied the motion, finding that the agents' 2016 receipt of the CD was too attenuated from the 2014 search of Asmodeo's home to be considered tainted fruit of the search. Specifically, the Court found the connection between the search and the agents' receipt of the CD was both temporally remote and interrupted by an intervening event, namely the former girlfriend's unsolicited turnover of the CD, evidence the agents previously knew nothing about.

Asmodeo thereafter fired Mr. Smith as his attorney, and the Court appointed Jason I. Ser, Esq., of the federal defender's office to represent Asmodeo going forward. At Mr. Ser's request,

---

[2]  The charges in the original indictment were not included in the S1 indictment.

the suppression hearing was re-opened, and the Court heard additional testimony bearing on the question of whether the agents' receipt of the CD was tainted fruit of the 2014 search. Finding that nothing adduced at the re-opened hearing changed its conclusion that the recovery of the CD was too attenuated from the original search, the Court adhered to its original decision denying the motion.

Thereafter, Asmodeo waived indictment and pleaded guilty to a one-count superseding information (the "S2 information") charging sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), specifically that he persuaded a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, namely the video recordings of Asmodeo engaging in sexual intercourse with Victim-1. By agreement with the government, Asmodeo reserved his right to appeal the denial of the suppression motion. At sentencing, the Court imposed the statutory mandatory minimum term of 15 years' imprisonment.

Asmodeo appealed. By summary order dated March 5, 2019, the Second Circuit affirmed, and on October 7, 2019, the Supreme Court denied Asmodeo's petition for a writ of certiorari.

Asmodeo initially filed a Section 2255 motion on October 6, 2020, and later, with leave of court, filed the instant amended motion.

## DISCUSSION

I.   Ineffective Assistance of Counsel Claim

To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), Asmodeo must (i) demonstrate that his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, and (ii) affirmatively prove actual prejudice, meaning "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on the outcome." Id. at 693.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689.  Indeed, the Court will not second-guess strategic or tactical decisions made by counsel.  This is because there are many ways to provide effective assistance in a given case.  "Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach." Harrington v. Richter, 562 U.S. 86, 106 (2011) (quoting Strickland v. Washington, 466 U.S. at 689).  In particular, the decision to call or not to call certain witnesses is a "virtually unchallengeable" tactical decision left to the judgment of trial counsel. Strickland v. Washington, 466 U.S. at 690-91.

A. Alleged Failure to Call Witnesses

In this case, there is no reason to second-guess Mr. Smith's decision not to call certain witnesses at the suppression hearing, namely, Special Agent Christopher McClellan, Asmodeo's former girlfriend Eve Condon, and Victim-1.

After Asmodeo executed a waiver of his attorney-client privilege, Mr. Smith submitted a detailed affirmation responding to Asmodeo's claims, in which he explained how and why he decided not to call these three witnesses.

As to whether to call Agent McClellan, Mr. Smith states he decided not to do so because he believed McClellan's testimony "would not strengthen the argument that [McClellan's]

4

actions were the result of purposeful or flagrant conduct and that in fact it would likely weaken this argument." (Smith affirmation ¶ 3(d)). This was important because, in Mr. Smith's view, whether the agents engaged in deliberate misconduct was a critical factor in the attenuation analysis the Court would have to make. After discussing the matter at length with Asmodeo, Mr. Smith decided McClellan's testimony would not support a finding of purposeful misconduct, and instead that "several other pieces of evidence . . . weighed in favor of" demonstrating McClellan was merely negligent. (Id. ¶ 3(c)). Having concluded McClellan's testimony would at most support a finding of negligence, which would be against Asmodeo's interest, Mr. Smith decided not to call him.

As to Eve Condon, Mr. Smith states that after he subpoenaed Condon to testify and interviewed her on the eve of her testimony, he concluded her testimony would actually corroborate the agents' testimony about how they obtained the CD—specifically, that Condon had initiated the discussion that Asmodeo had provided the CD to her and that the agents had no knowledge of the CD prior thereto. As a result, Mr. Smith decided not to call Condon as a witness because her testimony would have weakened any argument of official misconduct by the agents, and he so informed Asmodeo. (Smith affirmation ¶ 4(a)).

And as to Victim-1, Asmodeo wanted to call her to testify the camera used to make the video was not the camera alleged by the government in the S1 indictment. But Mr. Smith determined that even if Victim-1 could testify as to the make and model of a camera used by Asmodeo in 2002, fifteen years prior to the suppression hearing, this issue was potentially relevant only as to the sufficiency of the government's proof at trial and not relevant to any

matter at issue at the suppression hearing, Thus, he decided not to call Victim-1 as a witness, and so informed Asmodeo.[3] (Smith affirmation ¶ 7(b)).

This Court presided over the suppression hearing. There is no question Mr. Smith acted as a skilled advocate who thoroughly prepared for the hearing and effectively challenged the government's evidence. The tactical decisions not to call certain witnesses, as described in Mr. Smith's affirmation, are consistent with that thorough and effective performance. Thus, the Court credits the statements made in the affirmation. Moreover, Mr. Smith's tactical decisions were entirely reasonable and sensible under the circumstances, and the Court sees no reason to second-guess them.

The contention that Mr. Smith provided constitutionally ineffective assistance of counsel in this regard is therefore rejected.

B.     Alleged Failure to Challenge Interstate Commerce Element

As noted above, a challenge to the sufficiency of the evidence with respect to the interstate commerce element of the sexual exploitation of a minor charge would have been relevant had the case gone to trial. But it was not relevant to any aspect of the motion to suppress, which Mr. Smith correctly explained to his client. Asmodeo's case did not go to trial because he pleaded guilty to the S2 information while being represented not by Mr. Smith, but by Mr. Ser of the federal defender's office. Put another way, Mr. Asmodeo decided, with the assistance of able defense counsel, not to challenge the sufficiency of the government's evidence.

---

[3]     In the end, of course, Asmodeo pleaded guilty to the sexual exploitation of a minor charge, which included the interstate commerce element, and for which the Court found there was a sufficient factual predicate.

At the guilty plea proceeding, the government advised the Court that the evidence established the camera used to make the video of Amodeo engaging in sexual intercourse with Victim-1 was a Fujifilm camera manufactured in Japan. Asmodeo acknowledged under oath that he owned a Fujifilm camera made in Japan. And Mr. Ser stated he had no reason to contest the element that requires the defendant to have known or had reason to know the video was produced using materials shipped or transported in interstate or foreign commerce.

Accordingly, Asmodeo's contention that Mr. Smith's failure to contest the interstate commerce element constituted ineffective assistance of counsel is rejected as entirely without merit.

  C. <u>Alleged Failure to Raise Issue of Alleged Witness Tampering by the Government</u>

Asmodeo contends that after he reviewed the agents' reports of their interviews of Condon and noticed that Condon's statements varied slightly as to the age of Victim-1 from one interview to the next, it "became clear that the Government was guiding [its] witness." He claims he "raised this feeling" with Mr. Smith. (Motion at 18). Asmodeo also says that if this happened with Condon, it must have happened with the government's other witnesses as well. On that basis, he contends the government was engaged in witness tampering, but that Mr. Smith failed to raise this issue at the suppression hearing or otherwise, which constituted ineffective assistance of counsel.

The Court disagrees.

There is simply no evidence the government engaged in witness tampering as to Condon or anyone else. The fact that there were minor inconsistencies in the Condon interview reports does not constitute evidence of witness tampering, given that she was referring to events that had occurred years earlier, and Asmodeo does not offer any other evidence to support his allegation

7

of witness tampering. Instead, he speculates that the information Condon provided "coincided with what the Government knew at the time of each interview," but he offers no support for this assertion and does not explain it. (Motion at 18). To the extent Asmodeo contends Mr. Smith was ineffective because he failed to call Condon as a witness at the hearing so as to highlight these or other inconsistencies, the Court has already explained why Mr. Smith's decision not to call Condon was well within the wide latitude accorded to defense counsel in deciding how best to defend his client. As noted above, there is no question Mr. Smith acted as a skilled advocate for his client who thoroughly prepared for the hearing and effectively challenged the government's evidence. As such, the Court has no reason to second-guess Mr. Smith's strategy or tactical decisions at the hearing.

Under these circumstances, there is no reason to hold any further hearing with respect to any of Asmodeo's contentions. In light of this Court's intimate familiarity with the underlying criminal proceedings, as well as Mr. Smith's credible affirmation, no purpose would be served by expanding the record. Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001); see Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011).

## CONCLUSION

Petitioner John Asmodeo's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close case number 20 CV 8330.

Chambers will mail a copy of this memorandum opinion and order to petitioner at the following address:

John Asmodeo, Reg. No. 71950-054
FCI Danbury
Federal Correctional Institution
33½ Pembroke Road
Route 37
Danbury, CT  06811

Dated: December 28, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge